**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JORGE ANIBAL TORRES PUELLO,

    Plaintiff,

vs.                                  Case No. 5:20-cv-198-Oc-34PRL

RAFAEL ANTONIO GUERRERO
MENDEZ, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on May 5, 2020, by filing a multi-count Expedited Verified Complaint for Injunctive Relief and Money Damages (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each subsequent count of the Complaint incorporates by reference all allegations of all the preceding counts. See Complaint ¶¶ 22, 26.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").  Accordingly, the Court will strike the Complaint and provide Plaintiff with the opportunity to file a corrected complaint in accordance with this Order.[1]

In addition, upon review of the Complaint, Plaintiff appears to seek the entry of a temporary restraining order, as well as a preliminary injunction. See Complaint at 6-8.

---

[1] The Court notes that Plaintiff also appears to have mis-numbered the Counts in his Complaint in that he begins with "Count II" without identifying a "Count I." See Complaint at 4. Plaintiff should correct this numbering error in his corrected complaint.

However, Plaintiff has failed to comply with the procedural prerequisites for obtaining such relief.  In the event that Plaintiff intends to seek entry of a temporary restraining order or preliminary injunction in this action, the Court takes this opportunity to remind Plaintiff of some of the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)) and Local Rules 4.05 and 4.06, Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of temporary restraining orders and preliminary injunctions.

Rule 65(a) states that the Court may issue a preliminary injunction only on notice to the opposing party.  See Fed. R. Civ. P 65(a).  Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of a hearing on the matter.  See Local Rule 4.06(a).  Moreover, Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with certain procedural requirements set forth in Local Rule 4.05(b).  See Local Rule 4.06(b)(1).  For example, a request for injunctive relief must be made by separate, properly titled motion.  See Local Rule 4.05(b)(1).  Additionally, the motion must be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury.  See Local Rule 4.05(b)(2).  Local Rule 4.05(b) also requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum.  See Local Rule 4.05(b)(3).  In addition, the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, the potential harm to the opposing parties, and the public interest, if any.  See Local Rule 4.05(b)(4).

To the extent Plaintiff seeks a temporary restraining order, Rule 65(b)(1) does permit the Court, in certain circumstances, to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney . . . ."  However, to obtain such relief, Plaintiff must not only comply with all of the foregoing requirements governing preliminary injunctions, but also set forth specific factual allegations establishing that the threat of irreparable injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."  See Local Rule 4.05(b)(2); see also Rule 65(b)(1)(A) (authorizing a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").  Thus, following the filing of his corrected complaint, if Plaintiff intends to seek a preliminary injunction or temporary restraining order, Plaintiff must review and comply with all requirements of the Rules and the Local Rules of this Court.

Accordingly, it is

**ORDERED**:

1. The Expedited Verified Complaint for Injunctive Relief and Money Damages (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **June 2, 2020**.  Failure to do so may result in a dismissal of this action.

---

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers on May 12, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties