UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE ANIBAL TORRES PUELLO,**

    **Plaintiff,**

v.                                                                                                Case No: 5:20-cv-198-Oc-34PRL

**RAFAEL ANTONIO GUERRERO
MENDEZ, ROBERTO CAVADA,
GONZALO CASTILLO TERRERO and
JOSUE BRITO,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff has filed an amended complaint against Defendants for claims relating to defamation, slander, and libel. (Doc. 8). Plaintiff filed this emergency ex parte motion for protection of life and property requesting that this Court enjoin Defendant Rafael Antonio Guerrero from further harassing or cyberstalking Plaintiff. (Doc. 14). For the reasons discussed below, I submit that the motion for a temporary restraining order should be denied.

    **I.  BACKGROUND**

Plaintiff brings this diversity action against four Defendants, all citizens of the Dominican Republic (one, Mr. Guerrero Mendez, who according to the amended complaint is currently residing in New York and the rest who reside in Santo Domingo, Dominican Republic). (Doc. 8, ¶¶ 2-5). Plaintiff currently resides in Marion County, Florida and is a candidate to the Dominican

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Congress for the 2020 elections. (Doc. 8, ¶ 1). Plaintiff alleges that Defendants published several false accusations on YouTube, the radio, newspaper, and internet claiming that Plaintiff is a "convicted rapist, sex offender, organ harvester, child molester." (Doc. 8, ¶ 7).

Now, Plaintiff has filed this emergency motion for a temporary restraining order because, "since the filing for the complaint, Defendant Rafael Antonio Guerrero Mendez has started a terror campaign against plaintiff his children and family." (Doc. 14, ¶ 4). "[T]his terror campaign includes stalking, harassing, bullying and death threats to the plaintiff, family members including plaintiff's mother and underage children." (Doc. 14, ¶ 4). Plaintiff claims that he has contacted the Marion County Sherriff's Office, the FBI, and Homeland Security about Defendant's behavior. (Doc. 14, ¶ 7). Plaintiff requests that this Court enjoin Defendant's behavior and protect Plaintiff from any further attacks. (Doc. 14).

## II.  LEGAL STANDARD

The issuance of preliminary injunctive relief, including a temporary restraining order, is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries his or her burden of persuasion on each of four prerequisites. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The four prerequisites are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not do harm to the public interest. *Bloedorn*, 631 F.3d at 1229; *Four Seasons Hotels & Resorts*, 320 F.3d at 1210. If the movant cannot show a substantial likelihood of success on the merits, the Court need not consider the other requirements. *Bloedorn*, 631 F.3d at 1229.

Moreover, to obtain a temporary restraining order without notice to the opposing party, the movant must allege "specific facts in an affidavit or a verified complaint [which] clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Further, this Court's Local Rule 4.05(b)(2) states that any motion for a temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impracticable if not impossible." Additionally, Local Rule 4.05(b)(3) requires a proposed form of a temporary restraining order, which includes a precise description of the conduct to be enjoined, as well as a basis from which the Court can make a reasonable calculation of security to be posted by the movant.

### III. DISCUSSION

As an initial matter, Plaintiff fails to provide argument as to an appropriate bond amount and fails to make a showing that Defendant should not be provided notice and an opportunity to respond before the Court makes a decision on the merits. It is unclear if the Court has the authority to enjoin Defendant's actions, as he is a citizen of the Dominican Republic currently residing in New York. (Doc. 8, ¶ 2). Plaintiff's complaint and instant motion appears to allege that Defendant only has contacts with the state of Florida through his YouTube videos. As Plaintiff has not given sufficient information on this issue, the Court would be unable to proceed with injunctive relief without providing Defendant with notice and an opportunity to respond.

Additionally, injunctive relief must relate to the relief requested in the complaint. *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Vigna v. New York Life Insurance, Inc.*, No. 8:16-cv-1607-T-23JSS, 2016 WL 3748717 (M.D. Fla. June 21, 2016) (holding that petition for injunction failed because in absence of a complaint, Plaintiff could not establish a substantial likelihood of success on the merits); *Spearman v. Wyndham Vacation Resorts, Inc.*, 69 F. Supp. 3d 1273, 1291-92 (N.D. Ala. 2014) (explaining that "any motion or suit for an injunction must be based upon a cause of action; and injunction is a type of relief rather than an independent cause of action"). The underlying issues in Plaintiff's complaint involve defamation, slander, and libel, which are not related to his request for an injunction against harassment and cyber stalking. (Docs. 8, 14). Like preliminary injunctions, temporary restraining orders are a tool appropriately used only to "grant intermediate relief of the same character as that which may be granted finally." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997).

Here, Plaintiff identifies two statutes in his motion for the Court to consider. Florida criminal statute 784.048 deals with harassment and cyber stalking and the federal Violence Against Women Act ("VAWA"), that he claims, "makes it a federal felony to stalk or harass an individual." (Doc. 14, ¶ 12(iv)). Neither statute, however, provides a private right of action. *United States v. Morrison*, 529 U.S. 598 (2000) (holding that the civil remedy provision of VAWA was unconstitutional); Fla. Stat. § 784.048. Even if Plaintiff had addressed these two statutes in his initial complaint, he would be unable to proceed under them.

## IV. RECOMMENDATION

Accordingly, because Plaintiff's request for an injunction is not related to the underlying claims in his complaint, he has not established a substantial likelihood of success on the merits and his motion (Doc. 14) should be denied.

Recommended in Ocala, Florida on June 15, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy