## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JORGE ANIBAL TORRES PUELLO,**

     **Plaintiff,**

**v.**                                              **Case No: 5:20-cv-198-Oc-34PRL**

**RAFAEL ANTONIO GUERRERO**
**MENDEZ, ROBERTO CAVADA,**
**GONZALO CASTILLO TERRERO and**
**JOSUE BRITO,**

     **Defendants.**

_____

## ORDER

On June 16, 2020, Plaintiff filed a motion for Clerk's default against Defendant Rafael Antonio Guerrero Mendez. (Doc. 16). On June 25, 2020, the Court directed Plaintiff to show cause as to why his motion should not be denied for failing to comply with Rules 4 and 55(a) of the Federal Rules of Civil Procedure. (Doc. 20). Now, Plaintiff has responded and attached three additional documents proving service to Defendant. (Doc. 21).

Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

The first proof of service provided by Plaintiff indicates that Esperanza Romero personally served Defendant on May 23, 2020 at 1660 Topping Ave. Apt. 3D Bronx, NY 10457. The next document indicates that Teodoro Conztanza Montalvo served the summons to "Dominican Attorney Juan Sanchez" who is designated by law to accept service of process on behalf of Defendant.[1] The third proof of service was the initial proof of service filed with the Court (Doc. 10) but is no longer missing the server's signature. The document indicates that Jackelyne Torres Ramirez personally served the summons on Defendant "at his temporary address located in 56 Kingbridge Bronx, New York" on May 6, 2020. The server then wrote at the bottom of the document: "Amended Complaint was served on 5-23-2020." Based on these service documents and Plaintiffs response (Doc.21), the Court is satisfied that Plaintiff has met his burden regarding service.

Because Plaintiff has established that Defendant was properly served with a copy of the summons and complaint on May 23, 2020, and to date, has not filed or served a responsive pleading, Plaintiff's motion for entry of clerk's default (Doc. 16) is due to be **GRANTED.** The clerk is directed to enter default against Defendant Rafael Antonio Guerrero Mendez and mail this order and the entry of default to the two addresses provided for Defendant.

**DONE** and **ORDERED** in Ocala, Florida on July 17, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

---

[1] The second proof of service was signed on May 23, 2020 but served on May 24, 2020.

Unrepresented Parties