UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE ANIBAL TORRES PUELLO,**

    **Plaintiff,**

v.                                                               Case No: 5:20-cv-198-Oc-34PRL

**RAFAEL ANTONIO GUERRERO MENDEZ, ROBERTO CAVADA, GONZALO CASTILLO TERRERO and JOSUE BRITO,**

    **Defendants.**

## ORDER

On July 20, 2020, upon Plaintiff's motion for clerk's entry of default (Doc. 16), default was entered by the Clerk against Defendant Rafael Antonio Guerrero Mendez. (Doc. 24). On July 24, 2020, Mr. Guerrero Menendez filed an answer in this case and within that answer suggests that Plaintiff's assertions that he was served are inaccurate. (Doc. 25; see p. 2). On July 30, 2020, Plaintiff filed a motion to strike Defendant's answer for being filed late. (Doc. 28). The court ordered the defendant to show cause why his answer shouldn't be stricken. (Doc. 30).

Now, Defendant has responded and again claims that the plaintiff's documents proving service were inaccurate. (Doc. 31). According to the defendant, he has been living in New Jersey and the addresses in New York that he was apparently served at include that of a TV station that he had not visited since February 2020 and an address where he has never resided. Plaintiff also filed a proof of service to "Dominican Attorney Juan Sanchez" who is designated by law to accept service of process on behalf of the defendant in the Dominican Republic. (Doc. 21). Defendant asserts that he has never been represented by or met this lawyer and was never informed about this

summons. Defendant asserts that he learned about the action and the Clerk's entry of default by a web video posted by the plaintiff.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause" shown the court may set aside an entry of default. The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id*. at 951.

Defendant's assertions that he was not properly served meets the requisite good cause required to set aside the entry of default. Accordingly, Plaintiff's motion to strike Defendant's answer (Doc. 28) is **DENIED** and the Clerk's default entered against Defendant Guerrero Mendez on July 20, 2020 (Doc. 24) is **SET ASIDE.**

The court has already cautioned the parties that despite proceeding *pro se*, they are required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The parties may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). The parties should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on September 3, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties