UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE ANIBAL TORRES PUELLO,**

    **Plaintiff,**

v.   Case No: 5:20-cv-198-Oc-34PRL

**RAFAEL ANTONIO GUERRERO MENDEZ,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court upon referral of the District Judge to determine whether Plaintiff has accomplished proper service on Defendant Mendez in this action, and if not, to provide a recommendation as to whether the lack of proper service warrants dismissal. (Doc. 39). For the reasons discussed below, I recommend dismissal of this action for lack of proper service.

**I.   BACKGROUND**

On July 20, 2020, upon Plaintiff's motion for Clerk's entry of default (Doc. 16), default was entered by the Clerk against Mendez. (Doc. 24). On July 24, 2020, Mendez filed an answer that suggested that he was not properly served. (Doc. 25; see p. 2). On July 30, 2020, Plaintiff filed a motion to strike Mendez's answer for being filed late. (Doc. 28). The Court ordered Mendez to show cause why his answer shouldn't be stricken. (Doc. 30).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

On September 2, 2020, Mendez responded that Plaintiff's documents proving service were inaccurate. (Doc. 31). According to Mendez, he had been living in New Jersey and the addresses in New York that he was apparently served at include that of a TV station that he had not visited since February 2020 and an address where he has never resided. Plaintiff also filed a proof of service to "Dominican Attorney Juan Sanchez" who is designated by law to accept service of process on behalf of Mendez in the Dominican Republic. (Doc. 21). Mendez asserted that he has never been represented by this lawyer and was never informed about the summons. Mendez asserted that he learned about the action and the Clerk's entry of default by a web video posted by the plaintiff. Due to Mendez's assertions that he was not properly served, the Court denied Plaintiff's motion to strike and set aside the Clerk's default against Mendez. (Doc. 32).

On October 13, 2020, the Court entered an Order to Show Cause why this case should not be dismissed, or sanctions imposed due to the parties' failure to file a case management report as required under the Local Rules. (Doc. 37). Plaintiff filed a response on November 3, 3030, in which he stated that "Defendant Rafael Antonio Guerrero Mendez after contesting the service of process has skipped town and is now in the Dominican Republic." (Doc. 38). Now, the matter of whether Plaintiff has properly effected service of process on Mendez is referred to me. (Doc. 39).

II. **DISCUSSION**

Rule 4(m) authorizes a district court to dismiss an action without prejudice, on its own after notice to the plaintiff, when "a defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m); *Powell v. Indep. Inventory Serv. Inc.*, 516 F. App'x 907, 911 (11th Cir. 2013). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Rule 4(m) also provides that "if the plaintiff shows good cause for the

failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

As an initial matter, I submit that Plaintiff has failed to serve Mendez within 90 days after the Amended Complaint was filed, on May 22, 2020. Originally, the only proof of service as to Mendez was filed on June 3, 2020 and was missing the server's signature. (Doc. 10). Plaintiff then filed additional proofs of service in response to the Court's Order to show cause. (Doc. 21). The first additional document indicated that Esperanza Romero personally served Defendant on May 23, 2020 at 1660 Topping Ave. Apt. 3D Bronx, NY 10457. The next document indicated that Teodoro Conztanza Montalvo served the summons to '"Dominican Attorney Juan Sanchez' who is designated by law to accept service of process on behalf of Mendez." The document was signed on May 23, 2020 but dated as served on May 24, 2020. The third document was the initial proof of service filed with the Court (Doc. 10) but was no longer missing the server's signature. The document indicated that Jackelyne Torres Ramirez personally served the summons on Defendant "at his temporary address located in 56 Kingbridge Bronx, New York" on May 6, 2020. The server then wrote at the bottom of the document: "Amended Complaint was served on 5-23-2020."

Mendez refuted each proof of service filed by Plaintiff, claiming that he had been living in New Jersey and the locations he was apparently served at included a TV station that he had not visited since February 2020 and an address where he has never resided. Mendez also refuted the summons served on "Dominican Attorney Juan Sanchez" who was apparently designated by law to accept service of process on his behalf. Mendez claimed that he has never been represented by Juan Sanchez and was never informed about the summons.

The missing signature on the original proof of service filed with the Court was the first cause for concern. The same proof of service was again filed with the Court with a signature dated

May 6, 2020 and noted that the "Amended Complaint was served on 5-23-2020." (Doc. 21). The next proof of service was signed on May 23, 2020, but apparently served on Attorney Juan Sanchez on May 24, 2020. (Doc. 21). The only proof of service that seemed to be free from any obvious deficiencies indicated that Esperanza Romero personally served Defendant on May 23, 2020 at 1660 Topping Ave. Apt. 3D Bronx, NY 10457. The Court originally granted Clerk's default despite the inconsistencies in the proofs of service and determined that Plaintiff had met his burden regarding service. However, now that Mendez refutes that these service documents are accurate, it appears that the inconsistencies in the dates for when the documents were served and signed shows that Mendez was in fact not properly served. Mendez claimed that he only learned about the action and the Clerk's entry of default because of a web video posted by the plaintiff. "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007).

Further, Plaintiff has failed to demonstrate good cause for the failure to effect timely service. "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991)). Plaintiff has not provided any explanation or asserted good cause for his failure to timely serve Mendez.

Even in the absence of good case, the Court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. *Id.* at 1282. Such "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.*; Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

Plaintiff's complaint appears to be alleging defamation, libel, and slander that occurred between March 1, 2020 and May 20, 2020. (Doc. 8). In Florida, defamation, which includes both libel and slander, has a two-year statute of limitations. Fla. Stat. § 95.11(4)(g); *Norkin v. Fla. Bar*, 311 F. Supp. 3d 1299, 1303–04 (S.D. Fla. 2018). Therefore, if Plaintiff's complaint is dismissed without prejudice, the applicable statute of limitations would not bar a refiled action.

There is no evidence that Mendez evaded service or concealed a defect in service. In fact, Mendez notified the Court that he had not been served and was residing in New Jersey, not at any of the locations that were included in Plaintiff's proofs of service. Plaintiff notified the Court that Mendez is now in the Dominican Republic. (Doc. 38). However, this is not an assertion that Mendez has evaded service or concealed a defect in the attempted service.

After considering the relevant factors, I submit that Plaintiff has not properly served Mendez, and an extension of time to effect service is not warranted. Plaintiff has not demonstrated good cause, and no other circumstances in the case warrant an extension. Therefore, it is respectfully recommended that Plaintiff's action be dismissed without prejudice pursuant to Rule 4(m).

**Recommended** in Ocala, Florida on December 18, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy